## DES MOINES AND FORT DODGE RAILROAD COMPANY *v.* WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF IOWA.

No. 256. Argued April 11, 1890. — Decided May 19, 1890.

A contract by a railroad company, chartered to construct a railroad between two points, made with another railroad company for the use of the road of the latter for a part of the distance for a period of years, in order to complete the connection proposed by the charter, and providing that the contract and any damages accruing from a breach of it shall be a continuing lien upon the roads of the two contracting parties, their equipment and income, into whosesoever hands they may come, creates no lien on the property of the first company which will take precedence of a mortgage executed after a breach of the contract prior to the expiration of the term has taken place.

IN EQUITY. The case is stated in the opinion.

*Mr. Charles E. Whitehead* for appellant.

*Mr. William Rush Taggart* and *Mr. Wells H. Blodgett* for appellees.

MR. JUSTICE MILLER delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the United States for the Southern District of Iowa, dismissing the intervention by appellant in a large and more important suit involving the sale of a railroad owned by the Des Moines and Northwestern Railway Company. As the petition of intervention is the first paper found in the record of the case before us, we are somewhat at a loss to understand the nature and character of the original suit in which the appellant sought to intervene. It is to be inferred, however, that the original suit was by the Central Trust Company of New York against the Des Moines and Northwestern Railway

Company, formerly the Des Moines, Adel and Western Railroad Company, to foreclose a mortgage in which that company was mortgagor and the Central Trust Company was trustee or mortgagee. The Wabash, St. Louis and Pacific Railway Company was also party to that suit, on the ground that it had a lease of the road of the Des Moines and Northwestern Railway Company, under which it asserted rights paramount to everybody except the Central Trust Company.

The Des Moines and Northwestern Railway Company was originally chartered as the Des Moines, Adel and Western Railroad Company, with the purpose of building a railroad from the city of Des Moines, in the State of Iowa, in a northwesterly direction, to Panora, in the county of Guthrie. The appellants' road from Des Moines to Fort Dodge pursued the same line in a northwesterly direction from Des Moines City to Waukee, which was the point of the departure of the Adel road in its more westerly direction. The Fort Dodge Company, having completed its road from the city of Des Moines almost entirely to Fort Dodge before the Adel Company had fairly commenced its work, the former had a part of its road running between Waukee and the city of Des Moines, which was a very considerable railroad centre.

As the Adel Company was limited in its means and desired to push its road westward from Waukee through Adel to Panora, it was natural that it should enter into arrangements with the Des Moines and Fort Dodge Company for the use of its road from Waukee to Des Moines, or for a traffic arrangement. It accordingly, on the 18th of November, 1879, entered into the following agreement in writing, which is the foundation of the claim in regard to which the Des Moines and Fort Dodge Railroad Company intervenes in the suit already mentioned :

"This agreement, made the 18th day of November, 1879, between the Des Moines and Fort Dodge Railroad Company, of the one part, called for convenience the Des Moines Company, and the Des Moines, Adel and Western Railroad Company, called for convenience the Adel Company, witnesseth :

"That the Des Moines Company, being desirous of obtain-

ing all the Des Moines business of the Adel Company for a long term of years, in consideration of the contract on the part of the Adel Company hereinafter contained, doth hereby agree and covenant with the Adel Company and grant and give unto it the following easements, rights and privileges, as follows:

"First. Out of the earnings on all through business from the Adel road delivered to the Des Moines road, and by it delivered to the Rock Island road, and on all west-bound business delivered to the Adel road at Waukee, the Adel road shall have five-sevenths ($\frac{5}{7}$), and the Des Moines road shall have and retain two-sevenths ($\frac{2}{7}$), the local freight for the Adel road on west-bound business being included, but these divisions not to apply to business from beyond Panora.

"Second. On the freight on all local business from Des Moines to any point on the Adel road, or from any point on the Adel road to Des Moines, the Adel road shall receive two-thirds ($\frac{2}{3}$), while the Des Moines road shall receive one-third ($\frac{1}{3}$), including the local freight on both roads, but freight from beyond Panora not to be included.

"Third. All car-loads of freight coming from or going to any point on the Adel road beyond Panora shall be hauled by the Des Moines road from Waukee to Des Moines, or from Des Moines to Waukee, at five dollars ($5.00) the car-load, standard-gauge cars, and the Adel road shall be entitled to receive all the freights and draw-backs earned thereon. In case through freights shall hereafter be reduced from what they are now, a proportionate reduction shall be made on the rate of hauling.

"Fourth. On all passenger business taken at the regular tariff rates from the Adel road to or from Des Moines the Des Moines road will pay over to the Adel road one-tenth ($\frac{1}{10}$) of its receipts therefrom.

"Fifth. The Des Moines road will allow the Adel road the joint use of all its station-houses and station facilities at Waukee on its paying its proportion for its maintenance, to be arranged by the superintendents of the two roads.

"Sixth. The Adel road to have equal privileges at Des

Moines and equal rates on all construction material with those enjoyed by the Des Moines road, and every facility or rate or increased rate obtained from the Rock Island road shall be enjoyed and shared by the Adel road, and the Des Moines road will haul its construction material at half its local rates from Des Moines to Waukee ; this to apply to all material hauled since the first of July last.

"Seventh. Uniform rates shall be maintained by both roads at all competitive points and both roads shall join in requiring the Rock Island to do the same, as far as able, and if the Rock Island shall persistently and continuously refuse to maintain such uniform rates in accordance with Mr. Riddle's letter of this date, which is made a part of this contract, at such competitive points, then the Adel road may, by giving thirty (30) days' notice in writing of its intention so to do, terminate this contract.

"Eighth. If the Des Moines road accounts to the Adel road for forty per cent of the through earnings on through freight, although its share of the through earnings should hereafter be reduced to a less amount, this agreement to continue, and in the event of its failure to do so the Adel road to have the right to terminate this contract upon thirty days' notice in writing.

"Ninth. It is agreed that if the Des Moines road shall at any time lease or transfer its through business at Des Moines to any other than the Rock Island railroad the Adel road shall have the privilege then to terminate this contract by giving thirty days' notice in writing of its intention so to do.

"Tenth. The Des Moines agrees that in case any railroad shall be built or operated by it or by the Rock Island on the territory west of the Des Moines road, south of the Northwestern road, and east of the projected line of the Rock Island from Guthrie Centre to Guthrie, then the Adel road may terminate this contract on giving thirty days' notice in writing.

"Eleventh. Settlements and adjustments under this contract shall be made monthly on the first day of every month, unless otherwise agreed on.

"Twelfth. In consideration of the foregoing the Adel road hereby agrees to deliver to the cars of the Des Moines road at Waukee all its freight and passengers bound to Des Moines or to any place through Des Moines and beyond for the period of twenty years from this date.

"This contract and any damages for the breach of same shall be a continuing lien upon the roads of the two contracting companies, their equipment and income, in whosesover hands they may come, the lien on the Adel road being limited to so much thereof as lies between Waukee and Panora.

    "THE DES MOINES AND FORT DODGE
     RAILROAD COMPANY,
   "By CHARLES E. WHITEHEAD, *Pres't.*
   "THE DES MOINES, ADEL & WESTON
     RAILROAD COMPANY,
  "By T. J. COLDWELL, *Pres't.*
   J. S. RUNNELLS, *Sec'y.*"

After the execution of this agreement, the Des Moines, Adel and Western Railroad Company pushed its road northwestward from Waukee to Panora, and then adopted a new route almost directly north from Panora, but which it never completed. It, however, subsequently entered into arrangements with the Wabash, St. Louis and Pacific Railway Company, by which that company, under the charter of the Adel Company, constructed the piece of road between Des Moines and Waukee, and leased that and the remainder of the Adel and Western Railroad Company, so that all the traffic provided for in the contract as coming from the Adel Company to the Des Moines and Fort Dodge Company was transferred in effect to the Wabash Company. The object of the present petition of intervention was not to recover any money actually earned by the intervening company or the other, for all of that carrying business was settled up and paid for as it progressed, but it was to recover the damages to which the interveners might be entitled during the remainder of the twenty years which the contract had to run by the failure on the part of the Adel Company to keep that contract. The appellant

was permitted to file its claim of intervention, which was amended once or twice, and was finally heard on demurrers on the part of the Des Moines and Northwestern Company, and the Central Trust Company, and the Wabash, St. Louis and Pacific Company, which demurrers were sustained, and the petition of intervention was dismissed.

The right of the Des Moines and Fort Dodge Company to intervene in this suit is based upon the last sentence in the contract which we have given in full. The language of this sentence is: "This contract and any damages for the breach of same shall be a continuing lien upon the roads of the two contracting companies, their equipment and income, in whose-soever hands they may come, the lien on the Adel road being limited to so much thereof as lies between Waukee and Panora." The interveners allege that for the supposed gain and profits which they would make out of this contract if it were faithfully kept for the period of twenty years from its date, they have a lien on the railroad itself, and on its equipment and income, which attaches to it in whosesover hands it might come after that contract was made.

The appellees resist this principle on two grounds. First, that the contract, so far as it disables the Adel Railroad Company from the free use of all the means of railroad carriage from any part of its road to the city of Des Moines, is void as against public policy, and is especially void as a contract which in its nature disables that road from performing the public obligations assumed by it in its charter, of making and using as a common carrier the road from Waukee to Des Moines or from Des Moines to Waukee. A second objection is, that whatever the language concerning the lien upon the two contracting companies may mean, it does not constitute a lien or obligation running with the land, though it may be a valid contract between the parties, personally enforceable by an action at law. Either of these objections, if well taken, is fatal to the claim of appellant, and we are of opinion, without inquiring into the former, that the latter objection is well taken.

It will be observed that this contract does not purport to be

a mortgage on the railroad of the Adel Company; that it does not convey in proper terms any title to the railroad itself or to its appurtenances, or any interest in them; and that it does not secure, as a lien upon the roads, any particular sum of money. It declares that the contract and any damages from a breach of the same shall be a continuing lien upon the roads of the two contracting companies. It is difficult to conceive how the contract, abstractly considered, could be a lien upon the roads of the companies, and not much easier to see what damages for the breach of such contract are made a lien upon the roads of the two companies. There is nothing in the language of this sentence, nor in the nature of the contract, which should make it one running with the land, or one chargeable upon the railroad, when by due course of law, or in any other mode, the property passed to other hands. And if, in point of fact, the one company had performed services under that contract for the other, for which it had received no compensation, and for which there was a sum of money due, and ascertained or readily ascertainable, this sum might be a lien on the income or property of the delinquent company, it can hardly be supposed that the conjectural damages and the speculative profits which might yet result to the company from the unperformed part of the contract, through eighteen or twenty years, are to be made a specific lien on the property, attached to it and passing into the hands of whoever might become its purchaser.

When the Adel Company, under its new name of the Des Moines and Northwestern Company, executed a mortgage on all its property and issued bonds under that mortgage, under which the Central Trust Company of New York, as trustee, issued a large amount of bonds, the title to the property passed to that corporation without having attached to it the lien of the contract for a traffic arrangement between the Adel Company and the appellant, and the same thing is true in regard to the lease of February 28th, 1881, between the Des Moines Northwestern Railway Company, formerly the Adel Company, and the Wabash, St. Louis and Pacific Company, by which the latter assumed to pay the damages under the

contract with appellant or to save the former harmless in regard to it. This was a mere personal obligation, and did not confer any right in the land, to enforce the performance of that contract. As the Wabash Company by virtue of this lease undertook to complete the connection between the Adel road, and its western extension from Panora to Waukee, and the city of Des Moines, by building the road between the two latter points, a duty which, by its charter, devolved upon the Adel Company, we think it might very well have contracted to save the company harmless in regard to the lease which in effect enabled it to complete its obligation to the public.

It seems to us that the obligation of the Adel Company to fulfil the duties of its charter by completing its connection between Waukee and Des Moines City was an obligation inconsistent with a perpetual contract to employ the Fort Dodge Railroad to do all its carrying business between those two points; that the building of this piece of road was inconsistent with a contract for a long period of time, such as twenty years, by which it bound itself to deliver all its freight and passengers to the Fort Dodge Company at Waukee. And, since the Fort Dodge Company has received compensation for all the services it rendered while this contract was in operation, we are of opinion that its claim for damages, which resulted from the determination of the Adel Company to build its own road from Waukee to Des Moines, and the actual building of that road, and the necessary abandonment of its contract with the Fort Dodge Company, do not constitute a lien upon the road of the company, and that the bill was rightfully dismissed.

*Decree affirmed.*